Lawrence E. STRODTMAN and Margo
M. Strodtman, Appellants–
Plaintiffs,

v.

INTEGRITY BUILDERS, INC., and Jef-
frey S. Turner, Individually and in his
Representative Capacity, Appellees–De-
fendants.

No. 30A05–9510–CV–421.

Court of Appeals of Indiana.

July 11, 1996.

Opinion Modifying Decision on
Rehearing Sept. 18, 1996.

Lawrence E. Strodtman, Thomas D. Strodtman, Lawrence Strodtman & Associates, Cumberland, for appellants.

John L. Davis, Karin L. Blue, Pritzke & Davis, Greenfield, for appellees.

## OPINION

BARTEAU, Judge.

Lawrence E. Strodtman and Margo M. Strodtman ("Strodtmans") appeal the trial court's granting of Integrity Builders, Inc. ("Integrity") and Jeffrey S. Turner's ("Turner") motion for summary judgment. The Strodtmans raise four issues on appeal, which we restate as:

1. Whether Integrity breached its contract with the Strodtmans?

2. Whether Turner is personally liable for activities done during his role as Integrity's president?

3. Whether the trial court abused its discretion in denying the Strodtmans' verified motion to join claims, remedies, and persons?

4. Whether the trial court abused its discretion in limiting the Strodtmans' discovery?

We reverse and remand.

## FACTS

On July 30, 1993, the Strodtmans filed a petition naming the Cumberland Plan Commission and Integrity Builders questioning the zoning of a subdivision that Integrity planned to develop adjacent to the Strodtmans' real estate. This petition was ultimately dismissed because on October 20, 1993, the Strodtmans and Integrity, with Turner acting on behalf of Integrity as its president, entered into a signed written contract. The contract provided that the Strodtmans dismiss their petition and not oppose the development. In consideration, Integrity agreed to make changes to its development plan, and provide specified landscaping on development real estate adjacent to the Strodtman's real estate. While the Strodtmans dismissed their petition with prejudice, Integrity did not provide the landscaping.

On January 28, 1994, Integrity conveyed the real estate to Hanson & Horn Contractors, Inc., who on February 14, 1994, transferred the real estate to Solidarity Partners.

These two deeds were recorded, and copies were attached to Integrity and Turner's motion to dismiss filed on November 21, 1994.

In August of 1994, Turner assured Lawrence Strodtman that the landscaping would still occur. During this time, work was done on the development unconnected to the contract.

On September 29, 1994, the Strodtmans filed a complaint seeking specific performance, an injunction and punitive damages. The complaint alleged that Integrity and Turner breached the contract, and that Turner committed fraudulent misrepresentation.

On November 21, 1994, Integrity and Turner filed a motion to dismiss, which the trial court treated as a motion for summary judgment. On January 26, 1995, the Strodtmans filed a verified motion to join claims, remedies and persons.

After a hearing, on July 12, 1995, the trial court granted summary judgment for Integrity and Turner. The trial court found that there were no issues of material fact; that neither Integrity nor Turner owned the real estate when the Strodtmans filed their complaint; that Integrity did have a contract with the Strodtmans; that neither Integrity nor Turner made any of the changes, alleged in the complaint, to the land prior to transferring it; and that Turner was not individually liable for any actions that he took while serving as Integrity's president. Also, the trial court denied the Strodtmans' motion to join claims, remedies and persons.

## STANDARD OF REVIEW

When reviewing a grant of a motion for summary judgment we stand in the shoes of the trial court, and we are not limited to reviewing the trial court's reasons for granting summary judgment. *Claxton v. Hutton*, 615 N.E.2d 471, 473 (Ind.Ct.App. 1993). We resolve any doubt about a fact or any inference to be drawn from it in favor of the nonmoving party. *Id.* We will affirm the trial court's decision only if no genuine issues of material facts exist and the movant is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *ACONA v. Smithley*, 621 N.E.2d 1116, 1119 (Ind.Ct.App.1993). A

fact is material for purposes of summary judgment if its resolution is decisive of either the action or a relevant secondary issue. *Lee v. Weston,* 402 N.E.2d 23, 24 (Ind.Ct.App. 1980).

■ Although the trial court made findings of fact and conclusions of law, it does not change the nature of our review of summary judgment. The entry of specific facts and conclusions in a summary judgment order aids our review by providing us with a statement of reasons for the trial court's decision, but it has no other effect. *P.M.S., Inc. v. Jakubowski,* 585 N.E.2d 1380, 1381 n. 1 (Ind. Ct.App.1992).

### CONTRACT BREACH

The contract between the Strodtmans and Integrity required the Strodtmans to not oppose Integrity's real estate development, and Integrity to provide specified landscaping and develop the land in accordance with a diagram's specifications. The Strodtmans fulfilled their obligations by withdrawing their petition opposing the development. However, the Strodtmans contend that Integrity and Turner breached the contract by not providing the specified landscaping, and not developing the land as agreed, specifically by not providing a finished site status consistent with the plat, by relocating the drainage easement for lot 48, by not providing the earth berm along lots 34 and 35, and by building a fifteen-foot hill.[1]

Integrity contends that because it did not own the real estate at the time of the changes to the real estate it did not breach the contract with the Strodtmans. The trial court agreed with this contention. The trial court provided:

It is clear from the record in this cause that the real estate which is the subject matter of Plaintiffs' Complaint was not at the time of the filing of the Complaint owned by the Defendant Corporation or by Jeffrey S. Turner individually. The contract sued upon by the Plaintiffs was executed by the Defendant Corporation which

had not taken any action concerning the real estate as alleged in Plaintiffs' Complaint.... Accordingly the law is with the Defendants and against the Plaintiffs on Plaintiffs' Complaint and Defendants are entitled to Judgment in this matter as a matter of law.

R. 105.

■ A party breaches a contract either by placing itself in a position where it is unable to perform its contractual obligations, or by failing to perform all of its contractual obligations. *Rauch v. Circle Theatre,* 176 Ind.App. 130, 138, 374 N.E.2d 546, 552 (1978). Here, the contract provided that "Integrity at its sole expense shall provide landscaping along the common border with Strodtman as shown on the Landscape Plan attached hereto...." R. 12. The contract is clear regarding this provision, thus no genuine issue exists regarding Integrity's corresponding obligation. And, Integrity does not argue that they have done this act.

This contract did not contain a provision that would release Integrity from this contractual obligation if it sold the land to a different developer. By transferring the land, Integrity voluntarily placed itself in the position where it could not perform this contractual obligation. Thus, as a matter of law we determine that Integrity breached its contract with the Strodtmans regarding this obligation to provide the specified landscaping. Other than the landscaping, the contract did not obligate Integrity to do any of the acts that the Strodtmans contend Integrity has not done, nor to prevent the subsequent owners from doing the acts of which the Strodtmans complain.

■ In their complaint, the Strodtmans requested specific performance as a possible remedy. However, a court may not grant specific performance when a party no longer

1. Integrity characterizes the Strodtmans argument as contending that Integrity had a non-delegable duty. Integrity contends that this argument was waived because it was not raised in the summary judgment proceedings at the trial court. We disagree. First, the Strodtmans did not waive this argument because in the plaintiffs' post hearing brief, the Strodtmans quoted the part of the contract that provided that "Integrity

at its sole expense shall provide landscaping along the common border with Strodtman...." R. 86. Second, Integrity mischaracterizes the Strodtmans' argument. The Strodtmans contend that Integrity remains liable under the contract even if it conveyed the real estate. The Strodtmans raised this argument during the summary judgment proceedings. *See id.*

controls a contract's subject matter. *Risk v. Thompson,* 237 Ind. 642, 651, 147 N.E.2d 540, 545 (1958). Here, specific performance is inappropriate because Integrity no longer owns the real estate. However, the Strodtmans alternatively requested monetary damages for the breach. Transfer of ownership of the real estate does not preclude this remedy. Thus, we reverse the trial court's entry of summary judgment and remand this case for a calculation of damages.

### TURNER

■ The Strodtmans contend that the trial court committed reversible error by not piercing the corporate veil thereby finding Turner to be personally liable for his actions taken regarding the real estate. Indiana Code section 23–1–26–3(b) (West 1989) provides: "Unless otherwise provided in the articles of incorporation, a shareholder of a corporation is not personally liable for the acts or debts of the corporation except that the shareholder may become personally liable by reason of the shareholder's own acts or conduct." The Strodtmans, as the party seeking to pierce the corporate veil, bear the burden "to prove that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of [Turner,] and that the misuse of the corporate form would constitute a fraud or promote injustice." *Aronson v. Price,* 644 N.E.2d 864, 867 (Ind.1994), *reh'g denied,* (1995).

■ To support their request to pierce the corporate veil, the Strodtmans present the following facts: (1) Turner negotiated with the Strodtmans resulting in the contract; (2) Turner, acting on behalf of Integrity, agreed to obligations that became part of the contract; and (3) Turner acted alone during the contract negotiations. Assuming that all of these facts are true, they do not show that Turner acted in a way that ignored, controlled or manipulated Integrity's corporate form. It is not unusual for a corporate officer to act in such a manner in the capacity as corporate president.

■ Also, the Strodtmans contend that Turner signed the contract with no intent of honoring its obligations so that the Strodtmans would not oppose the development,

thereby acting within the corporate form to commit fraudulent misrepresentation. In order to show that Turner used Integrity to promote fraud, and to survive the summary judgment motion, the Strodtmans must have specifically designated materials showing the existence of each element of actual fraud. These elements are:

(1) A material misrepresentation of past or existing fact by the party to be charged, which

(2) was false,

(3) was made with knowledge or in reckless ignorance of the falsity,

(4) was relied upon by the complaining party, and

(5) proximately caused the complaining party['s] injury.

*Park 100 Investors, Inc. v. Kartes,* 650 N.E.2d 347, 349 (Ind.Ct.App.1995) (citation omitted). Actual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that is not executed. *Biberstine v. New York Blower Co.,* 625 N.E.2d 1308, 1315 (Ind.Ct.App.1993), *reh'g denied.* Here, if Turner made any misrepresentations regarding what Integrity would do if the Strodtmans did not oppose the development, the misrepresentations involved the future conduct regarding landscaping and changes to the subdivision. Thus, the Strodtmans failed to allege a claim of actual fraud by Turner through the use of the corporate form.

The Strodtmans failed "to prove that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of [Turner,] and that the misuse of the corporate form would constitute a fraud or promote injustice." *Aronson,* 644 N.E.2d at 867. Thus, the Strodtmans did not carry their burden to show that the corporate veil should be pierced.

### JOINDER MOTION

The Strodtmans contend that the trial court erred by denying their verified motion to join claims, remedies, and persons ("Joinder Motion") filed on January 26, 1995. The Joinder Motion sought to add a fraudulent concealment claim[2] against Integrity and Turner, and add as parties Hanson & Horn

---

2. In the Joinder Motion, the Strodtmans alleged

that the conveyances of the real estate violated

Contractors, Inc., Solidarity Partners, and any other unknown entities that were involved in the two conveyances of the real estate after Integrity owned it.

█ We examine pleadings and treat them according to their content rather than their caption. *Ground v. Methodist Hosp.,* 576 N.E.2d 611, 613 (Ind.Ct.App.1991), *reh'g denied, trans. denied,* (1992). Thus, although the Strodtmans did not caption their motion as an amendment, its content shows that it was a motion to amend their complaint. *See, e.g., McCarty v. Hosp. Corp. of America,* 580 N.E.2d 228 (Ind.1991). Trial Rule 15(A) of the Indiana Rules of Trial Procedure is the mechanism that controls the filing of amendments to pleadings. *Palacios v. Kline,* 566 N.E.2d 573, 575 (Ind.Ct.App. 1991). This rule provides that a party may amend its pleading once as a matter of course, which the Strodtmans did on October 11, 1994.

Therefore this second amendment, denominated a Joinder Motion, could be filed only with the trial court's permission pursuant to Trial Rule 15(A). On February 17, 1995, the trial court conducted a summary judgment hearing, at which time the trial court heard arguments regarding the Joinder Motion. The trial court made its determination to deny the Strodtmans' Joinder Motion without providing its reasons.

 Trial courts should liberally permit amendments, while considering any prejudice to the non-moving party. *Templin v. Fobes,* 617 N.E.2d 541, 543 (Ind.1993) (citing T.R. 15(A)); *Peoples Trust and Sav. Bank v. Humphrey,* 451 N.E.2d 1104, 1111 (Ind.Ct. App.1983) (Trial courts should freely allow amendments to pleadings so that the trial court can try all of the issues.). A trial court has broad discretion in deciding whether to permit or deny amendments to pleadings, because of its strategic advantage in balancing various trial considerations. *Palacios,* 566 N.E.2d at 575. On review, we generally affirm the trial court's decision regarding a discretionary motion if there is any rational basis for the decision. *Id.*

█ An abuse of discretion occurs when there is a conclusion or judgment that is clearly against logic and the natural inferences to be drawn therefrom, or a decision that contravenes reasonable, probable and actual deductions. *Id.* It is not an abuse of discretion to deny a motion to amend a pleading where such an amendment would be futile. *Id.*

█ Here, the Strodtmans' proposed amended pleading was futile. Trial Rule 9(B) required the Strodtmans to specifically aver the circumstances constituting fraud. Also, a complaint alleging fraudulent conveyance must allege that the defendant provided some of the consideration for the acquisition of the real estate in question. *Myler v. Myler,* 137 Ind.App. 605, 609, 210 N.E.2d 446, 448 (1965). In *Rogers v. R.J. Reynolds Tobacco Co.,* we affirmed the trial court's grant of summary judgment for the defendant because the amended complaint failed to sufficiently allege fraud as required by Trial Rule 9(B), and thus failed to state a claim for relief. 557 N.E.2d 1045, 1055 (Ind.Ct.App. 1990), *reh'g denied.* Here also, the Strodtmans failed to specifically aver the circumstances constituting fraudulent concealment. Thus, the Strodtmans' Joinder Motion failed to state a claim for relief, and the trial court did not abuse its discretion by not permitting the Strodtmans to amend their complaint.

## DISCOVERY

On February 2, 1995, the Strodtmans sent Integrity and Turner a notice to take Turner's deposition and a subpoena duces tecum. The subpoena duces tecum requested Integrity to produce, at Turner's deposition, the following materials:

(a) Corporate Minute Book and Articles of Incorporation for Integrity Builders, Inc.;

(b) Stockholder list for Integrity Builders, Inc.;

---

Indiana Code sections 35–43–5–4 and 35–41–2–4 (West 1986). However, the Strodtmans failed to claim that the alleged violations of these criminal statutes would result in a damages award to them. On appeal the Strodtmans, for the first time, assert that they should be awarded damages pursuant to Indiana Code section 34–4–30–1 (West 1983). However, because this issue regarding damages was not raised at trial it cannot be raised on appeal, and thus this issue is waived. *Fortmeyer v. Summit Bank,* 565 N.E.2d 1118, 1120–21 (Ind.Ct.App.1991).

(c) Financial statements for Integrity Builders, Inc. for the period of April 1993 through February 1994;

(d) Letters, memoranda and notes dealing with the Harvest Glen Subdivision and all other relevant materials, personal or corporate, that relate to this cause.

R. 72, 75.

On February 10, 1995, Integrity and Turner filed a motion to quash the subpoena duces tecum. On February 13, 1995, the trial court granted the motion to quash the subpoena duces tecum regarding the material requested in paragraph (d), and denied the motion regarding the remaining paragraphs. The Strodtmans did not take Turner's deposition. The Strodtmans appeal the trial court's decision regarding paragraph (d).

■ In its motion to quash, Integrity and Turner argued that the request in paragraph (d) was too broad. Indiana Trial Rule 45(B)(1) provides that the trial court may "quash or modify the subpoena if it is unreasonable and oppressive....". We will reverse the trial court's decision only where it abused its discretion. *Matter of Estate of Wilson*, 610 N.E.2d 851, 854 (Ind.Ct.App. 1993), *cert. denied, Phipps v. Wilson*, 510 U.S. 1072, 114 S.Ct. 879, 127 L.Ed.2d 75 (1994).

■ Here, the Strodtmans' request in paragraph (d) for letters, memoranda and notes dealing with the real estate could encompass materials greatly in excess of the scope of the cause. The Strodtmans placed no parameters on this request, such as they did in the second portion of paragraph (d) that requested all materials relating to the cause. The trial court could have determined that this request was unreasonable or oppressive. *See* Ind.Trial Rule 45(B)(1). The Strodtmans fail to show that the trial court's decision was clearly against the logic and effect of the circumstances before it. Therefore, the trial court did not abuse its discretion.

We reverse the trial court's grant of summary judgment, and affirm its decision on the other issues raised.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.

---

1. In our original opinion, we determined that

OPINION ON REHEARING

(September 18, 1996)

BARTEAU, Judge.

By way of a petition for rehearing, appellees Integrity Builders, Inc., and Jeffrey S. Turner assert that this court's grant of summary judgment in favor of appellants Lawrence E. Strodtman and Margo M. Strodtman on the issue of landscaping exceeded the scope of the summary judgment proceeding at the trial level.

We agree. The question of whether the landscaping was performed in accordance with the contract was not a designated evidentiary matter at the summary judgment hearing. Thus, we erred in granting summary judgment in favor of Strodtmans on this issue.

Accordingly, we reverse the grant of summary judgment in favor of Strodtmans on the issue of landscaping and instead merely reverse the grant of summary judgment in favor of Integrity[1] on this issue and remand to the trial court. If further proceedings result in a determination that Integrity did not provide the agreed upon landscaping, then Strodtmans are entitled to recover monetary damages.

Turner bore no personal liability.