**FIRST OF AMERICA BANK, N.A., in its capacity as Trustee of the Janet Z. Fisher Charitable Remainder Unitrust of June 29, 1990, Appellant–Plaintiff,**

v.

**NORWEST BANK, INDIANA, N.A., in its capacity as Trustee of the Zollner Foundation, et al., Appellee–Defendant.**

No. 02A03–0106–CV–210.

Court of Appeals of Indiana.

Feb. 27, 2002.

Gene R. Leeuw, John M. Mead, Leeuw & Doyle, P.C., Indianapolis, Indiana, Attorneys for Appellant.

D. Randall Brown, Gary C. Furst, Barnes & Thornburg, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

First of America Bank, N.A., as trustee of the Janet Z. Fisher Charitable Remainder Unitrust of June 29, 1990 ("the Trust"), appeals the trial court's order granting the motion for summary judgment by Norwest Bank, Indiana, N.A., as trustee of the Zollner Foundation[1] ("the Foundation"), in the action that the Trust brought against the Foundation.

We affirm.[2]

### ISSUES

1. Whether the trial court erred in granting summary judgment to the Foundation.

2. Whether the trial court abused its discretion in denying the Trust's motion to amend its complaint.

3. Whether the trial court erred when it denied the Trust's motion to compel the deposition of Patrick Ryan.

### FACTS

The Zollner Corporation ("the Corporation") was a closely held corporation, in which both the Trust and the Foundation had held common stock. In 1991, pursuant to a recapitalization agreement, they agreed to exchange their common stock for preferred, non-voting stock. The Foundation owned nearly 75% and the Trust owned nearly 25% of the preferred stock. According to the recapitalization agreement, the Foundation and the Trust had "put" rights to redeem their shares in five years[3] at a stated price per share plus accrued and unpaid dividends. If the Corporation failed to redeem the preferred shares, the agreement provided that the holder of a majority of the preferred shares could effectively elect and control the Corporation Board of Directors.

In December of 1995, the Foundation and the Trust were informed that the Corporation would be unable to perform the redemption. The Ryan family offered to purchase the preferred shares from the

---

1. A charitable organization to promote charitable and educational endeavors in the Fort Wayne, Indiana area.

2. The Trust's request for oral argument is hereby denied.

3. February of 1996.

Foundation and from the Trust at a discounted price. At that point, the Trust's attorney wrote to the Foundation's attorney that his client "[wa]s interested in making an offer that would put the Foundation in a better position than we would expect it would be in as a result of accepting Mr. Ryan's offer." (App.333). The Foundation's attorney responded that his client "did not have an interest in selling their shares to your client." (App.334).

Thereafter, the Foundation accepted an offer from the Ryan Family Trust and sold the Foundation's preferred shares to the Ryan family for $472,881.65. When the Trust's preferred shares were not redeemed in early 1996, it filed this lawsuit against the Foundation and others. In July of 1997, the Corporation tendered redemption to the Trust for its preferred shares. The Trust "received one hundred cents on the dollar of what we claimed," about $970,000 "plus interest," for redemption of its shares. (App.99). Also in July of 1997, the Ryans were paid the redemption value for their shares.[4]

Nevertheless, the Trust continued to press its claim that the Foundation had breached its fiduciary duty to the Trust. In August of 1997, the Trust sought to amend its second amended complaint as to the Foundation, and it sought a motion to compel Patrick Ryan to submit to a deposition. The trial court denied both motions. Subsequently, the Foundation filed a motion for summary judgment, which the trial court granted. The trial court found that the Foundation "owed no fiduciary duty to the Fisher Trust relating to the sale of the Foundation's preferred shares of stock," and further that the Trust had "not suffered any damages" from the Foundation's sale of its preferred shares to

the Ryan family. (App.40). Accordingly, it held that the Trust's claim against the Foundation "fail[ed] as a matter of law." (App.42).

## DECISION

### 1. Summary Judgment

■ Summary judgment is only appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997) (citing Ind. Trial Rule 56(C)). In reviewing the trial court's entry on summary judgment, we apply the same standard used in the trial court, *i.e.*, whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind.1998).

The Trust contends the trial court erred in granting summary judgment to the Foundation because it failed to recognize "the strong fiduciary duty that shareholders in a close corporation owe to each other." Trust's Brief at 23. The Trust cites various authority for this proposition. *See DRW Builders, Inc. v. Richardson*, 679 N.E.2d 902 (Ind.Ct.App.1997); *Barth v. Barth*, 659 N.E.2d 559 (Ind.1995); *Krukemeier v. Krukemeier Mach. & Tool Co., Inc.*, 551 N.E.2d 885 (Ind.Ct.App. 1990); *Dotlich v. Dotlich*, 475 N.E.2d 331 (Ind.Ct.App.1985); *Garbe v. Excel Mold, Inc.*, 397 N.E.2d 296 (Ind.Ct.App.1979); *Hartung v. Architects Hartung/Odle/Burke, Inc.*, 157 Ind.App., 157 Ind.App. 546, 301 N.E.2d 240 (1973). However, none of these cases state that such a duty exists between *nonvoting, pre-*

---

4. A total of $2,607,631.64 for the shares which it had purchased from the Foundation for $472,881.65.

*ferred* shareholders of a closely held corporation.

■ As in the Trust's cite to the Barths' case, the stated reasoning for the fiduciary duty in a closely held corporation flows from "the fundamental resemblance of the close corporation to the partnership." 659 N.E.2d at 561 n. 6. AMJUR explains that it is the "resemblance to a partnership," because the "stockholders participate in the management, direction and operations of the corporation," that has led courts to hold that the fiduciary duty exists. 18 AM.JUR.2D *Corporations* § 36 (1985). Further, according to PAUL J. GALANTI, BUSINESS ORGANIZATIONS, 19 INDIANA PRACTICE § 31.1 (1991), closely held corporations are most often "incorporated enterprises in which the participants consider themselves to be partners *inter sese*,[5] or where management and ownership are substantially identical." (citing 1 F. O'NEAL & R. THOMPSON, CLOSE CORPORATIONS § 1.02 (3rd ed.1986)). Thus, it is not only the relatively small number of shareholders and the absence of a public market for the corporation's securities that define a corporation as closely held, but also the shareholders' active management of the business. *Id.*

■ Here, the undisputed evidence before the trial court was that neither the Trust nor the Foundation had any role in the management of the Corporation. Therefore, the law holding that a fiduciary duty exists between some shareholders in a closely held corporation does not apply to the Foundation here with respect to its decision to sell its preferred shares. As the trial court correctly noted, pursuant to our common law, "corporate stock is the holder's personal property, which property may be disposed of at will. *Yerke v. Batman*, 176 Ind.App. 672, 376 N.E.2d 1211 (1978)." (App.40). Because the Foundation had no fiduciary duty to the Trust, the trial court correctly found that as a matter of law, the Foundation had no duty "to sell or offer to sell its preferred stock to the Fisher Trust." (App.41).[6]

### 2. *Motion to Amend*

■ The Trust claims that the trial court erred in denying its motion to amend its second amended complaint. The Trust explains that its proposed amendment would have provided more detail in the allegations that the Foundation had breached its fiduciary duty when it sold its preferred shares of stock to the Ryan family.

■ The trial court holds broad discretion in deciding whether to permit or deny amendments to the pleadings. *Strodtman v. Integrity Builders, Inc.*, 668 N.E.2d 279, 284 (Ind.Ct.App.1996), *trans. denied.* On review, we apply an abuse of discretion standard. *Id.* It is not an abuse of discretion to deny a motion to amend a pleading where such an amendment would be futile. *Id.*

Here, the Trust's proposed amendment was to provide additional allegations as to how the Foundation had breached its fiduciary duty to the Trust when it sold its own shares. Because the Foundation had no fiduciary duty to the Trust in this regard, such an amendment would have been futile. Hence, the trial court did not abuse its discretion when it denied the Trust's motion. *Id.*

5. Latin for "between or among themselves," and referring to a duty "owed between parties rather than to others." BLACK'S LAW DICTIONARY 825 (7th ed.1999).

6. Because the Foundation had no duty to the Trust with respect to the sale of the Foundation's shares of stock, we do not reach the Trust's argument that it suffered damage because of the Foundation's decision to sell its shares to the Ryan family.

### 3. *Motion to Compel Deposition*

■ Finally, the Trust claims that the trial court erred when it denied the Trust's motion to compel the deposition of Patrick Ryan. Other than to note that the standard of review for an issue in discovery matters is an abuse of discretion, *see R.R. Donnelley & Sons Co. v. North Texas Steel Co., Inc.*, 752 N.E.2d 112, 133 (Ind.Ct.App. 2001), *trans. denied*, the Trust proffers no authority in this regard.

In its argument, the Trust asserts that Ryan's deposition was necessary to show the bad faith of the Foundation trustee (Norwest Bank) in making the decision to sell the Foundation's shares to the Ryan family. However, because as a matter of law the Foundation had no fiduciary duty to the Trust as to what it did with its shares, we can find no abuse of discretion in the Trust's not having been allowed to depose the person involved in purchasing shares.

We affirm.

SHARPNACK, J., and BAILEY, J., concur.