**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 30 2013, 5:48 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DELMAR P. KUCHAES**
Smithville, IN

ATTORNEY FOR APPELLEE:

**STEVEN D. GROTH**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DELMAR P. KUCHAES, | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | )    No. 53A04-1206-MF-304 |
| | ) |
| JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable E. Michael Hoff, Judge
Cause No. 53C01-0702-MF-295

**October 30, 2013**

**OPINION ON REHEARING- NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issues

Delmar Kuchaes, pro se, petitions this court for rehearing following our dismissal of his appeal for failure to timely file the notice of appeal. Because Kuchaes certified that he deposited the notice of appeal in the mail on the date it was due, albeit after hours, we grant rehearing and consider this case on the merits. Kuchaes presents several issues on appeal, which we consolidate and restate as: 1) whether the trial court abused its discretion in denying Kuchaes's motion to continue; 2) whether the trial court abused its discretion in certain evidentiary rulings; 3) whether the trial court abused its discretion in denying Kuchaes's motion to amend the pleadings; 4) whether the trial court abused its discretion in denying Kuchaes's motion to reopen; and 5) whether the trial court abused its discretion in the award of attorney's fees. Concluding that the trial court did not abuse its discretion in on these issues, we affirm.

Facts and Procedural History

In February 2007, JP Morgan Chase Bank ("Chase") filed a foreclosure action against Kuchaes. Kuchaes filed a motion to dismiss the complaint, arguing that Chase was not the proper party in interest. Chase then amended the complaint and attached as an exhibit the assignment of Kuchaes's mortgage to Chase. In September 2007, Kuchaes filed an answer to the complaint with affirmative defenses, claim for setoff, and counterclaim. That same month, Kuchaes served a request for production of documents on Chase. In April 2010, Kuchaes filed a motion to compel discovery.

In July 2011, the parties stipulated to certain matters, resulting in an agreed order providing that:

1. The loan which is the subject of [Chase's] Complaint has been in default since September, 2006, has been accelerated, and is due and payable to [Chase] in full.
2. The Mortgage currently held by [Chase] is a valid and enforceable first priority lien against the mortgaged property.
 ***
4. Any interest which [Kuchaes] has in the mortgaged property shall be extinguished, and the equity of redemption of [Kuchaes] shall be foreclosed and barred after the redemption period has expired, which shall be at the foreclosure sale, which is agreed to be no sooner than one hundred twenty (120) days from the date of his Order.

Appellant's Appendix at 73-74. In October 2011, at a pretrial conference, the parties entered further stipulations to which the court agreed, including that: the bench trial, then scheduled for November 2011, would be continued to no sooner than February 2012; Kuchaes's counterclaim would be dismissed with prejudice; and Kuchaes agreed to the entry of a foreclosure judgment in an amount to be determined at a subsequent hearing, no sooner than late February 2012.

On February 28, 2012, one day before trial was set to begin, Kuchaes filed a verified emergency motion for continuance, citing the unexpected hospitalization and incapacity of his counsel, Delmar Kuchaes II, who was also his son. Chase objected and the trial court denied the motion that same day. In its order denying the motion, the court noted that Kuchaes, an attorney, "appears more able to present his case," and that it would not grant the motion as it was based on the incapacity of an attorney who had not entered an appearance in the case. Appellant's App. at 17. Before trial commenced on February 29, 2012, Kuchaes

asked the court to reconsider its ruling and argument was held on the motion, with Kuchaes arguing that he had hired his son to represent him in this case in October or November of 2011. The court denied Kuchaes's motion in an order that included the following:

> The court finds that attorney Delmar P. Kuchaes, II has never been counsel of record in this case, and has never participated in proceedings in this Court. [Kuchaes's] motion to continue this case based on the unavailability of Delmar P. Kuchaes, II is denied.
>
> [Kuchaes] also suggests that a settlement reached by the Federal Government and State Attorneys General with five leading mortgage services regarding mortgage loans servicing and foreclosure abuses is relevant to this case. [Kuchaes] requested a continuance of the trial to evaluate the effect of that settlement.
>
> The Court finds that [Kuchaes] previously agreed that [Chase] has a valid, enforceable first priority mortgage lien against [Kuchaes's] property; that the loan which is the subject of [Chase's] complaint has been in default since September, 2006, and is due and payable to [Chase]; and that [Kuchaes's] interest in the mortgaged property shall be extinguished. [Kuchaes] further stipulated that his counterclaim shall be dismissed with prejudice, and [Kuchaes] agreed to the entry of a foreclosure judgment, no sooner than late February, 2012. The only reserved issue was the amount of the judgment.
>
> Under the circumstances, this trial should not be continued because there is a chance that [Kuchaes] might benefit from the referenced settlement.

Appellant's App. at 18-19. The case then proceeded to trial.

At trial, Chase offered, through the testimony of its representative, an exhibit that was identified as a payoff quote. Kuchaes questioned the witness as to her personal knowledge and involvement in the preparation of the document, and she testified that she was not personally responsible for posting payments or generating the payoff quote. Kuchaes objected to the admission of the exhibit because the witness did not "have sufficient personal knowledge as to the specific business records that were used to generate these amounts . . . ."

4

Transcript at 50. The court admitted the exhibit over the objection, noting that Kuchaes's objections would go to the weight accorded the testimony, the quote was plainly a business record, and that there had been enough time to inquire into the substance of the accounting behind the quote and if there were any real issues in the accounting they would have been explored by that point.

Following trial, in March 2012, Kuchaes filed a motion to amend pleadings and a motion to reopen the case. Both motions were denied by the trial court in its Judgment and Decree of Foreclosure in May 2012. The judgment awarded Chase $98,014.52 and noted, in relevant part, that:

> The payoff statement shows that there was an unpaid principal balance of $34,891.34 after the August 1, 2006 payment was applied. No payments have been credited after August 1, 2006.
>
> ***
>
> [Chase] has proven by the greater weight of the evidence that the current balance due to [Chase] from [Kuchaes] on the Note is $53,715.79. That balance is comprised of the unpaid principal balance of $34,891.34 after the August 1, 2006 payment was applied; interest of $10,976.20 from August 1, 2006 through March 31, 2012; interest of $122.59 from April 1, 2012 through May 11, 2012; escrow advances for taxes of $5,816.41; recording fees of $12.00; and "corporate advances" of $1,897.25.
>
> ***
>
> [Kuchaes] claims that [Chase] improperly changed the locks on his condo on July 10, 2007, and did not remove the locks for ten months. [Kuchaes] seeks to setoff against money he owes to [Chase] the sum of $8,000 for the loss of use of his condo for ten months.
>
> [Chase] maintains that this loss of use claim was part of [Kuchaes's] counterclaim that was dismissed with prejudice.

[Kuchaes] filed a Claim for Setoff and Counterclaim on September 5, 2007. That pleading sought damages from [Chase] based on various claims, but also claimed the right of setoff against any judgment that might be entered against him. Such a claim is a part of [Kuchaes's] counterclaim against [Chase] for wrongful conduct in the administration of [Chase's] debt recovery process. The court finds that the voluntary dismissal of [Kuchaes's] counterclaim precludes a consideration of [Kuchaes's] claim against [Chase] for the loss of use of his condo.

[Kuchaes] filed a Motion to Amend Pleadings to Conform to the Evidence on March 23, 2012. He claims that the issue of his entitlement to setoff for the loss of use of his condo for [sic] was tried by agreement. Because [Kuchaes's] counterclaim was dismissed before the trial the court finds that the setoff issue was not before the court, and it was not tried by agreement. [Chase] objected to [Kuchaes's] evidence regarding setoff. [Kuchaes's] Motion to Amend Pleadings to Conform to the Evidence is denied.

On March 23, 2012 [Kuchaes] filed a motion to reopen case to admit a June 22, 2009 letter from Chase Home Finance that might assert that [Chase] was entitled to a lower principal balance than the August 1, 2006 principal balance of $34,891.34. The court has examined the letter and finds that it would not change the result if admitted. [Kuchaes] has, in any event, failed to show why such evidence was not offered at the trial of this case. The motion to reopen the evidence is denied.

[Kuchaes's] March 23, 2012 motion to reopen also seeks to admit an Assignment of [Kuchaes's] Mortgage from First Chicago NBD Mortgage to the Federal National Mortgage Association. [Kuchaes] previously stipulated that [Chase] holds a valid and enforceable mortgage that is a first priority lien against his real estate. The only possible purpose of admitting the Assignment of Mortgage would be to dispute the facts established by the stipulation. Given the stipulation, the Assignment of Mortgage is irrelevant to issues the court must decide. The motion to reopen the evidence to admit the Assignment of Mortgage is denied.

The main issue in dispute is [Chase's] attorney fees. [Chase] seeks attorney fees of $46,104.86 and expenses of $187.51 through February 13, 2012.

The July 15, 1996 Note obligates [Kuchaes] to pay [Chase] back for all of its costs and expenses in enforcing the Note, including reasonable attorney's fees.

6

[Kuchaes] challenges the hourly rates charged by [Chase's] attorneys. He also challendges [sic] the time spent exploring summary judgment motions and responding to discovery. He also challenges charges for the time spent by [Chase's] attorneys trying to locate the mortgage and note.

The court has reviewed all of the entries made for time charges. It is true that no motion for summary judgment was filed. That does not mean that it was not reasonable and proper for [Chase's] attorneys to investigate and consider the efficacy of such a motion, common in mortgage foreclosure suits. There is no evidence that an inordinate amount of time was spent evaluating this strategic decision. The charges appear to be reasonable and proportionate.

A great deal of discovery apparently was engaged in by the parties. The court is not aware of the details of that discovery. [Kuchaes] filed a motion to compel discovery, but the issues about discovery responses were agreed to by the parties outside of court. From the billing records there appear to have been delays in obtaining documents and responses from [Chase]. [Kuchaes] should not be required to pay for [Chase] to find its mortgage and loan records. It is difficult to identify all of the charges that concern this issue alone. [Kuchaes's] estimate that [Chase's] attorneys charged $1,993.63 for efforts to obtain [Chase's] loan documents is reasonable. [Chase's] attorney fees should be reduced by that amount.

[Kuchaes] chose to dismiss his counterclaim with prejudice on October 21, 2011, but until that time [Chase] incurred costs to defend itself against that counterclaim. What began as a routine foreclosure case, with specialist counsel working for a low flat rate, changed with the counterclaim. [Kuchaes] charged serious misconduct under state and federal law in his counterclaim, and it was reasonable for [Chase], a national bank, to defend itself. [Chase] could have hired counsel in Monroe County, Indiana, but its decision to continue its client relationship with Bose McKinney and Evans LLP and to hire counsel in Indianapolis was reasonable. The hourly charges for the senior attorney responsible for this case are higher than the average charges in Monroe County, but are within the range of reasonable charges, considering the circumstances of this case. The charges for other attorneys, and for paralegals, are also reasonable and customary.

[Chase] has proven by the greater weight of the evidence that it incurred attorney fees of $44,111.22 and costs of $187.51 that should be paid by [Kuchaes].

Appellant's App. at 10-13. This appeal followed.

7

I. Motion to Continue

A. Standard of Review

The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court. F.M. v. N.B., 979 N.E.2d 1036, 1039 (Ind. Ct. App. 2012). We will reverse the trial court only for an abuse of that discretion. Id. A trial court abuses its discretion when it reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. Id. No abuse of discretion will be found when the moving party has not shown that he was prejudiced by the denial. Id.

B. Kuchaes's Motion to Continue Due to Incapacity of Counsel

Kuchaes filed his motion to continue the day before trial was scheduled to begin, citing the hospitalization of his son, an attorney, whom he claimed was representing him in the case. The trial court denied his motion, noting that the son had never filed an appearance in the case and that Kuchaes, also an attorney, seemed able to represent himself. When Kuchaes renewed his motion on the day of trial, he indicated that he began working with his son on the case when his own license was suspended, out of an abundance of caution in wanting to avoid practicing law without a license. The court said

> Delmar Kuchaes the Second has never entered an appearance in this case or taken any action and let the Court know that he's an attorney representing, ah, Delmar Kuchaes in this case. And so whatever may have occurred, ah, outside of this case by way of preparation, the Court is not gonna continue the case based upon the unavailability of a lawyer who's not, ah, representing someone in this case by filing an appearance, which is how, ah, someone becomes an

8

attorney representing someone in a case. So this case has been pending for, ah, five years now and, ah, ah, Delmar P. Kuchaes the Second has never entered an appearance in the case that's been set for trial now . . . since . . . October. . . . [W]hatever your status as an attorney, um, you have the right to represent yourself, as far as I know, and also have the, ah, ah, knowledge of the law that places you in a very different position than most, ah, pro se parties. Ah, I, I have to just note that this case has been going on for a long time, and to some extent that the Court has considered the, the fact that you apparently continue to possess this property without paying for it after having admitted that [Chase] has, um, a valid first, ah, an enforceable first priority lien against the property and, ah, that you have agreed that there should be a foreclosure judgment. The only question is the amount.

Tr. at 32-34. Chase notes that Kuchaes has represented himself throughout this entire process and that no other attorney has filed an appearance on his behalf during the pendency of the case. Chase also notes that Kuchaes continued to have direct communications with Chase's counsel after he had allegedly hired his son to represent him, and if Kuchaes had been represented by his son, he should have directed all communication with Chase through his son.

Kuchaes argues that there was no reason that his son could not file an appearance the day of trial. Chase counters with a cite to one of this court's cases indicating that "attorneys are generally obligated to appear." Appellee's Brief at 6 (quoting Clements v. Hall, 966 N.E.2d 757, 761 (Ind. Ct. App. 2012), trans. denied). Regardless of whether Kuchaes's son was required to file an appearance if he was in fact representing Kuchaes, the court clearly considered Kuchaes's ability to (continue to) represent himself, as well as the overall nature and timeline of the case. Kuchaes has represented himself throughout this entire years-long suit, and he has not shown that he was prejudiced by the court's denial of his motion to continue. The court was well within its discretion in denying the motion.

Kuchaes also takes issue with the court's denial of his motion to continue regarding his argument that continuance was proper to allow him to investigate the national settlement agreement. Kuchaes argues that he hired his son not only to engage in trial preparation, but that his son

> also spent a lot of time reviewing information regarding the National Mortgage Settlement Agreement which had just been announced through the media on February 9, 2012 . . . and analyzing how the annouced [sic] termsof [sic] that Settlement Agreement might impact on the issues present in this case. Kuchaes, II had reached several preliminary conclusions that could reasonably be said to impact upon the "damages" determination to be triad [sic] to the court because of the poovisions [sic] of the Settlement Agreement pertaining to required reductions in princial [sic] owed on defauted [sic] mortgages.

Appellant's Brief at 14. Regarding investigation into the settlement, Kuchaes argues that

> the National Settlement Agreement has made provison [sic] for the reduction of principal on mortgsge [sic] loans the amount of which will not be detrmined [sic] and executed over the next three years. To poceed [sic] to judgment of foreclosure and sherrif's [sic] sale of Kuchaes' [sic] property without having time to digest these specific parameters of the Settlement is unconscionabe [sic].

Appellant's Br. at 15. We disagree, and conclude that the trial court was acting within its discretion when it determined that the trial should not be continued despite a chance that Kuchaes might benefit from the settlement.

## II. Evidentiary Rulings

### A. Standard of Review

The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. Zemco Mfg., Inc. v. Pecoraro, 703 N.E.2d 1064, 1069 (Ind. Ct. App. 1998), trans. denied. We will reverse a trial court's decision only for an abuse of discretion,

that is, only when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before it or the reasonable inferences to be drawn therefrom. Id.

### B. Payoff Quote and Real Party in Interest

Kuchaes contests two of the trial court's evidentiary rulings: the court's exclusion of evidence relating to assignment of the mortgage, and the court's admission of Chase's loan payoff statement.

Kuchaes contends that Chase has not shown that it was the real party in interest the entire time the case was pending because there was an unclear chain of assignment of the mortgage. Kuchaes argues that the stipulation, which stated that "[t]he Mortgage currently held by [Chase] is a valid and enforceable first priority lien against the mortgaged property," only indicated that Chase had a valid lien at the time of the stipulation, but not necessarily during the entire litigation. Appellant's App. at 73 (emphasis added). During the trial, Kuchaes cross-examined Chase's witness and asked whether Chase was the legal holder of the note when the litigation commenced. Chase objected to the relevance of the question, and Kuchaes replied that it went to attorney's fees, in that if Chase was not the owner of the note when the foreclosure proceedings began, then it had no right to seek attorney's fees. The court responded that

> It does seem to me that that argument is foreclosed by the agreement that the counterclaim's dismissed and [Chase] has a valid, ah, first mortgage lien. . . . I think, ah, it forecloses this sort of, ah, of an argument, ah, into whether or not [Chase] had a valid first mortgage lien at some point in the, in the past. . . . I think to give [the stipulation] any sense or import it's only, ah, ah, it's reasonable to, ah, take it as including this, this case and not, and not just that

11

> particular point in time when the stipulation was entered. . . . So I'm going to sustain the objection.

Tr. at 72. We conclude that Kuchaes had agreed to the foreclosure and had stipulated that Chase was the proper party in interest, despite his focus now on the word "currently" in the agreed order memorializing the stipulations. Evidence relating to the assignment of the mortgage was not relevant to the issue on trial—the amount of the foreclosure judgment— and the trial court did not abuse its discretion in excluding the evidence.

Kuchaes also argues that the trial court abused its discretion by admitting Chase's payoff statement. Chase's witness at trial, Sharon Green, identified the exhibit as a payoff statement and testified to the unpaid principal balance, to some of the other charges on the payoff sheet—what they included and how they were calculated, and to the fact that the payoff statement accurately reflected the current balance due on Kuchaes's loan. Green also testified as to what information a payoff statement would typically contain, including the unpaid balance, late charges, escrow balances, and miscellaneous fees. Kuchaes requested to voir dire the witness, and questioned her regarding her personal involvement in the preparation of the payoff statement. The testimony indicated that she did not personally pull the case records to prepare the document, and that various departments were involved in the calculations that went into the payoff statement. The court admitted the payoff statement, noting that Kuchaes's objections to Green's personal knowledge would go to the weight of her testimony, the only way to question everyone with personal involvement in the preparation of the document would be to bring entire departments into the courtroom, and that the document itself was plainly a business record.

Indiana Evidence Rule 803(6) provides an exception to hearsay for records of a regularly conducted business activity, specifically, a

> memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. The term "business" as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Indiana Evidence Rule 901 requires authentication as a condition precedent to admissibility of evidence, and allows authentication by, among other methods, "[t]estimony of a witness with knowledge that a matter is what it is claimed to be." Green authenticated the document presented at trial, and her testimony indicated that the payoff statement meets the hearsay exception for a business record in that the document was made by people with knowledge and is of a type kept and generated in the regular course of Chase's business.

Moreover, the court noted that there had been enough time for the parties to inquire into the substance of the accounting in this case, and that if there had been a real issue with the way that Chase calculated the payoff, that would have been explored. We agree with the trial court that the payoff statement was admissible as a business record, and therefore that any lack of personal involvement in its preparation by Green would go to weight and not admissibility. Admission of the payoff statement is not clearly erroneous or against the logic

13

and effect of the facts and circumstances, and the trial court did not abuse its discretion in admitting the exhibit.

### III.  Motion to Amend

### A.  Standard of Review

The trial court holds broad discretion in deciding whether to permit or deny amendments to the pleadings.  First of Am. Bank, N.A. v. Norwest Bank, Ind., N.A., 765 N.E.2d 149, 152 (Ind. Ct. App. 2002), trans. denied.  On review, we apply an abuse of discretion standard.  Id.  Parties are not entitled to conform the pleadings at the end of a trial to an unlitigated defense.  Woodward v. Heritage Constr. Co., Inc., 887 N.E.2d 994, 999 (Ind. Ct. App. 2008).  Amendments of the pleadings to conform to the evidence are not a tool to reopen litigation, but rather are permissible only when the parties have consented to and litigated issues not originally raised by the pleadings.  Id.

### B.  Kuchaes's Motion to Amend

Kuchaes filed a motion to amend pleadings to conform to the evidence after the close of trial.  Kuchaes argues that the pleadings should be amended to add a defense of recoupment, based on the losses he calculates he sustained when Chase changed the locks on the property underlying the foreclosure suit, thus denying him access to the property for some nine months.  Kuchaes argues that this defense of recoupment is separate from the issue of setoff that was part of his dismissed counterclaim.  Kuchaes further argues that the issue was tried by agreement of the parties.  The court denied the motion, stating that the issue was not in fact tried by agreement of the parties.  The record indicates, and we conclude, that the

14

evidence did not support the motion to amend and the trial court did not abuse its discretion in denying the motion.

## IV. Motion to Reopen

### A. Standard of Review

The trial court's decision whether to reopen a cause for presentation of additional evidence will be disturbed on appeal only if there is a clear abuse of discretion. In re Marriage of Ford, 470 N.E.2d 357, 362 (Ind. Ct. App. 1984), trans. denied.

### B. Kuchaes's Motion to Reopen

Following the trial, Kuchaes also motioned the court to reopen the case to allow him to submit additional evidence. The first piece of evidence that Kuchaes wanted to submit was a letter from Chase that Kuchaes found "in reviewing [his] file after resting" that might have indicated that Chase was entitled to a lower principal balance than that indicated in the payoff statement. Appellant's App. at 113. In denying the motion, the court noted that it had examined the letter and, even if admitted, it would not change the result. The court further noted that Kuchaes had failed to show why the evidence was not offered during the trial. The second piece of evidence that Kuchaes wished to have admitted was an assignment of the mortgage. The court noted that the only possible purpose of admitting that evidence would be to dispute the facts established by Kuchaes's stipulation that Chase held a valid lien on the property. Kuchaes has not provided us cause to say that the trial court abused its discretion in denying his motion to reopen.

## V. Attorney Fees

Finally, Kuchaes contests the trial court's award of attorney's fees. The decision to award attorney's fees and the amount of the award are reviewed for an abuse of discretion. Mitchell v. Mitchell, 695 N.E.2d 920, 924 (Ind. 1998). Kuchaes challenges the fees related to summary judgment investigation, motion to compel activity, and time spent responding to Kuchaes's request for production. Interwoven with these arguments, Kuchaes continues to assert that Chase is not a real party in interest and that it invited his inquiries. We note that the trial court appears to have gone over the attorney's fee request in detail and did exclude amounts related to obtaining loan documents. We agree with the trial court that summary judgment is appropriate in this area of the law, and it was not unreasonable for Chase to spend some time investigating that possible route. Kuchaes challenges the specific number of hours that Chase claimed in this area, but the trial court found the charges to be reasonable and proportionate, and we do not believe there was any abuse of discretion in that determination. Kuchaes also challenges time spent responding to his motion to compel and request for production. The court noted that "a great deal of discovery" was engaged in by the parties. Appellant's App. at 13. It appears that Kuchaes's actions made this case more time consuming than many other foreclosure cases, based on his motions and requests relating to discovery. We conclude that the trial court did not abuse its discretion in its award of attorney's fees.

<u>Conclusion</u>

Concluding that the trial court did not abuse its discretion in denying Kuchaes's motion to continue, in its evidentiary rulings, in denying Kuchaes's motion to amend, in denying Kuchaes's motion to reopen, or in its award of attorney's fees, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.