**Esequiel PALACIOS,**
**Plaintiff–Appellant,**

v.

**Thomas KLINE, Defendant–Appellee.**

No. 37A03–8911–CV–483.

Court of Appeals of Indiana,
Third District.

Feb. 14, 1991.

John A. DeMato, John A. DeMato & Associates, P.C., Hammond, for plaintiff-appellant.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, LaPorte, for defendant-appellee.

GARRARD, Judge.

Esequiel Palacios (Palacios) appeals the trial court order which denied his motion to amend pleading and entered summary judgment in favor of Thomas Kline (Kline).

On June 23, 1983, Palacios filed a complaint against Kline alleging property and personal injury damage. The facts asserted in Palacios' complaint begin on April 7,

1981 when a fire, of unknown origin, occurred on rental property owned by Kline. Palacios' home is located next to Kline's rental property and during the course of the fire, debris fell onto Palacios' property causing damage to his house, sidewalk, automobile, garage and landscape. Palacios suffered personal injury, a sprained ankle, on June 27, 1981 when he tripped over the damaged sidewalk.

Kline responded to Palacios' complaint by initiating three separate summary judgment motions which were all denied by the trial court.[1] When Kline's second motion for summary judgment was denied, the trial court explained that although Palacios could not recover on a negligence theory, the facts alleged were sufficient to state a cause of action for continuous trespass[2] and nuisance.

On May 2, 1989, Palacios moved to amend the complaint to add continuous nuisance and trespass as legal theories of recovery. However, the trial court entered an order which denied Palacios' motion to amend and entered summary judgment in favor of Kline. The trial court order stated:

### ORDER OF COURT

### May 4, 1989

The Court, having taken pending Motion to Amend Complaint under advisement, now finds that:

1. On February 8, 1988, Judge J. Philip McGraw denied defendant's motion for summary judgment stating that negligence cannot be a basis for plaintiff's cause of action, but that a cause of action for trespass or continuing nuisance

---

1. On May 11, 1988, the Indiana Supreme Court ordered the temporary transfer of cases to assist with the disposition of pending civil matters. IC 33–2.1–7–8. This case was transferred from Judge McGraw sitting in Jasper County to Judge Danikolas sitting in Lake County. Judge Danikolas assumed jurisdiction on June 1, 1988.

2. The trial court did not find any Indiana cases addressing the facts of Palacios' complaint. Therefore, the trial court relied on cases from other jurisdictions. The trial court found the

"downed trees" to state a cause of action for continuous trespass and continuous nuisance. *Bertram v. Orlando* (1951), 102 Cal.App.2d 506, 227 P.2d 894, 24 A.L.R.2d 899; *Neyrey v. Louisiana Power and Light Co.* (La.App.1977), 347 So.2d 266, *transfer denied* (La.1977), 350 So.2d 897; *Northern States Power Co. v. Franklin* (1963), 265 Minn. 391, 122 N.W.2d 26; *Wardrop v. City of Manhattan Beach* (1958), 160 Cal. App.2d 779, 326 P.2d 15.

may be a basis on which plaintiff might proceed.

2. Plaintiff requests that his complaint be amended to add causes of action for trespass and nuisance.

3. Plaintiff cannot maintain entirely inconsistent theories as proposed, i.e. negligence and willful torts.

4. Trial Rule requires leave of Court to amend at this date.

5. The Statute of Limitations has passed for plaintiff's proposed additional theories.

For the above reasons, the Court now denies plaintiff's proposed amendment of his complaint.

Palacios appeals the trial court's order raising one issue for our review: · Whether the trial court erred when it denied Palacios' motion to amend complaint to include recovery theories of continuous trespass and continuous nuisance.

*Discussion and Decision:*

Palacios contends the trial court abused its discretion when it denied his motion to amend. In response, Kline proposes a variety of arguments supporting the trial court order. The amendment (1) causes undue delay which prejudiced Kline, (2) pleads inconsistent legal theories of recovery, and (3) proposes additional legal theories of recovery which are barred by the applicable statute of limitations.

Indiana Rules of Procedure, Trial Rule 15(A) provides the mechanism by which a party may amend his pleading. Because Palacios attempted to amend his complaint after the responsive pleading had been served, TR 15(A) required permission to amend from the trial court. The relevant portion of TR 15(A) provides:

Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.

■ Amendments to the pleadings are to be liberally allowed in order that all issues involved in a lawsuit are presented to the jury. *Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 363 N.E.2d 985;

*Allied Mills Inc. v. P.I.G. Inc.* (1983), Ind. App., 454 N.E.2d 1240; *State Farm v. Shuman Admx.* (1977), 175 Ind.App. 186, 370 N.E.2d 941. The trial court has broad discretion in granting or denying amendments to pleadings. *Beta Alpha Shelter of Delta Tau Delta Fraternity Inc. v. Strain* (1983), Ind.App., 446 N.E.2d 626; *Hawke v. Maus* (1967), 141 Ind.App. 126, 226 N.E.2d 713. We will reverse a trial court's discretionary decision only upon a showing of abuse of discretion. *Allied, supra.*

■ Indiana courts define abuse of discretion as an erroneous conclusion and judgment which is clearly against logic and the natural inferences to be drawn therefrom or a decision which contravenes reasonable probable and actual deductions. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288; *Drexel Burnham Lambert, Inc. v. Merchants Investment Counseling, Inc.* (1983), Ind.App., 451 N.E.2d 346. The substance of the abuse of discretion analysis concerning proposed amendments is an evaluation of a number of factors. These include undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment. *Selvia v. Reitmeyer* (1973), 156 Ind.App. 203, 295 N.E.2d 869.

■ In reviewing a discretionary motion, we generally affirm if there is any rational basis for the trial court action. *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23. Trial court discretion is permitted because of the court's strategic advantage in balancing considerations for trial. However, formulation of policies of general application are the prerogative of the supreme court and deference to trial court discretion is not appropriate. *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207. Thus, when a trial court specifically articulates its reasons for exercising its discretion in a particular fashion, we may not attribute to the trial court some other legitimate but unexpressed reason. *Zambrana*

*v. Anderson* (1990), Ind.App., 549 N.E.2d 1078.

We limit our review to the trial court order dated May 4, 1989 which states two reasons supporting its exercise of discretion: The amendment (1) pleads inconsistent theories of recovery, and (2) proposes additional theories of recovery which are barred by the statute of limitations.

*Inconsistent Theories:*

The trial court stated in finding number 3 that "Plaintiff cannot maintain entirely inconsistent theories as proposed, i.e. negligence and willful torts." However, Indiana rules of procedure permit Palacios to plead a non-intentional tort, negligence, and an intentional tort, continuous trespass and continuous nuisance.

██ Trial Rule 8 defines the general pleading rules. A party commencing a civil action is required to include in his complaint only a short and plain statement of his claim and demand for relief. The complaint need not disclose the general theory upon which plaintiff will proceed, but rather only the operative facts involved in the litigation. *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251. A complaint need only state the operative facts involved in a cause of action and does not need to "state all the elements of a cause of action." *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604. Although a statement of theory at trial is highly desirable, it is not required. *Beta, supra; State v. Thompson* (1979), 179 Ind.App. 227, 385 N.E.2d 198.

██ Trial Rule 8(A) changed the traditional pleading practice in Indiana from "theory pleading" to "notice pleading." Theory pleading requires pleading to adopt a specific legal theory of recovery which is adhered to throughout the case. However, notice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial. 1 W. Harvey, Indiana

Practice § 8.3 (1988). Palacios' amendment was consistent with modern pleading practice because the amendment only changed the legal theory of recovery and did not include new or additional facts of which Kline was unaware.

Also, TR 8(E)(2) expressly permits alternative pleading:

A pleading may also state as many separate claims or defenses as the pleader has regardless of consistency and whether based on legal or equitable grounds.

1 W. Harvey, Indiana Practice § 8.10 (1988). Nor does TR 15(A) restrict pleading of inconsistent theories. Pursuant to TR 15(A), a trial court can amend pleadings before or during trial regardless of whether a change in the cause of action might result. There is no limitation on the court's discretion in permitting amendments merely because the cause of action or the theory of the complaint is changed. *General Outdoor Advertising Co. v. LaSalle Realty Corp.* (1966), 141 Ind.App. 247, 218 N.E.2d 141.

Accordingly, finding number 3 is an incorrect statement of the law.

*Statute of Limitations:*

██ Trial court finding number 5 states that "statute of limitations has passed for plaintiff's [Palacios'] proposed additional theories." Palacios did not attempt to amend his complaint until approximately eight years from the date of the fire and personal injury.[3] However, Palacios contends that his amended complaint is not barred by the statute of limitations[4] because pursuant to TR 15(C) the amendment will relate back to the time of filing the original complaint.

In *City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102, *transfer denied,* our first district held that TR 15(C) will not permit relation back of an amend-

---

3. Palacios and Kline agree that the original complaint filed on June 23, 1983 was filed within the statute of limitations period.

4. IC 34–1–2–1 allots Palacios six years to commence an action alleging injury to real property while IC 34–1–2–2 provides only two years for Palacios to recover for injuries to person and personal property.

ment which states an entirely new cause of action.

After careful consideration we have concluded that *City of Crawfordsville* was wrongly decided upon this point, and we decline to follow it. We do so for three reasons.

First and foremost, the plain language of the rule is to the contrary. It provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the *amendment relates back* to the date of the original pleading. (emphasis added)

This approach is, of course, consistent with the whole shift to a system of notice pleading, discussed *ante.*

Secondly, the law prior to the adoption of the new rules clearly did proscribe relation back of amendments that presented a new or different cause of action, and the Civil Code Study Commission expressly addressed that point in its comments. Concerning TR 15(C) the comment stated:

> The new rule will alter existing Indiana decisions holding that an amended pleading, which introduces a new cause of action, will not relate back to the time of the filing of the original pleading so as to defeat the running of the statute of limitations.... Rule 15(C) contemplates a rejection of such [prior] tests of stating a cause of action and places emphasis upon the concept of 'claim' which embodies the aggregate of facts constituting conduct, transaction or occurrence involved....

Finally, we note that the *Crawfordsville* court relied on *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 299 N.E.2d 631. *Gibson* was pending in the trial court when the new rules became effective, and the trial court expressly determined that the new rules should not be applied pursuant to TR 84. That determination was not altered on appeal, and thus the prior proscription against adding new parties after expiration of the limitations period still properly applied to that case.

In the present case it is clear that the amendment sought, while involving new theories of liability, arose out of the conduct, transaction or occurrence set forth in the original pleading. It follows that the trial court abused its discretion when it based its determination on an erroneous interpretation of the law that was prejudicial to Palacios.

Summary judgment and denial of the motion to amend are reversed, and the case is remanded for further proceedings consistent herewith.

STATON and CHEZEM, JJ., concur.