**Lew WOOD, individually and as Legal Guardian of M.W., Appellant–Plaintiff,**

v.

**Leigh WALDEN and Sherry Shively, Appellees–Defendants,**

and

**State of Indiana, Appellee–Intervening Defendant.**

No. 49A02–0806–CV–556.

Court of Appeals of Indiana.

Jan. 20, 2009.

Delmar P. Kuchaes II, Bargersville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Intervening Defendant.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff Lew Wood, individually and as legal guardian of his daughter, M.W., appeals the denial of his motion for partial summary judgment and the trial court's grant of summary judgment and entry of final judgment for appellee-intervening defendant State of Indiana (State), on his complaint for declaratory judgment, which alleged that Indiana Code section 34–51–3–6 (punitive damages statute) is unconstitutional. In particular, Wood argues that the punitive damages statute violates various provisions of the Indiana Constitution, including: (1) the Privileges and Immunities Clause in Article I, section 23; (2) the Open Courts provision set forth in Article I, section 12; and (3) Article IV, sections 22 and 23, which prohibit the passage of special legislation and require that all laws shall be general.

The State cross-appeals, claiming that the trial court erred in ruling on the declaratory judgment action because Wood has no standing to challenge the constitutionality of the punitive damages statute in these proceedings. Specifically, the State argues that Wood is improperly asking us to decide issues that have not yet ripened "and may never ripen." Appellees Br. p. 7.

We find that the issue presented in the State's cross-appeal is dispositive and therefore conclude that no justiciable controversy exists in this case regarding the constitutionality of the punitive damages statute. Therefore, because Wood lacks standing to challenge the constitutionality of that statute, we affirm the judgment of the trial court.

## FACTS [1]

The undisputed facts are that on July 27, 2007, M.W. sustained injuries in a motor vehicle accident. Wood's complaint for declaratory judgment and damages that was filed on December 3, 2007, alleged in Count I that Leigh Walden and/or Sherry Shively were operating a motor vehicle [2] on Emerson Avenue in Indianapolis at an "inappropriate speed" and "proceeded to cross a ... median ... in violation of I.C. 9–21–8–7." Appellant's App. p. 9–10. M.W. was driving Woods vehicle with permission and, at some point, the vehicles collided. M.W. was injured and Wood's vehicle was damaged. As a result, Wood alleged that Shively and/or Walden acted negligently and were responsible for M.W.'s injuries and the damage to Woods vehicle.

Count II of the complaint alleged that Walden and/or Shively's conduct amounted to "intentional, willful, reckless violation and gross neglect of proper lane uses and speed of travel." *Id.* at 11. Thus, Wood claimed that he was also entitled to punitive damages. Count III alleged that Walden and/or Shively intentionally disobeyed the traffic lane designation and intentionally damaged Wood's vehicle. As a result, Wood asserted that Walden and/or Shively's conduct amounted to criminal mischief pursuant to Indiana Code section 35–43–1–2, which entitled him to treble damages, attorney fees, and "all other expenses of litigation." *Id.* at 12.

Finally, Wood alleged in Count IV of the complaint that Indiana Code section 34–51–3–6, which requires that 75% of any punitive damage award be paid to the "violent crime victims compensation fund established by IC 5–2–6.1–40," constitutes "a purchase of justice by an unconstitutional levy upon a punitive damage award to Plaintiff, and is therefore unconstitutional." *Id.* at 13. Wood contended that the treble damages statute, Indiana Code chapter 34–24–3 *et seq.*, does not require any damages to be paid to the State. In light of this statute and the punitive damages statute, Wood claimed that he could not make a "fair, adequate, and knowledgeable election" of remedies in this case until it is determined whether the punitive damages statute is constitutional. Therefore, Wood alleged that

A.  I.C. 34–51–3–6 is unconstitutional under Article 1, Section 12 of the Indiana Constitution.

B.  I.C. 34–51–3–6 is unconstitutional under Article 1, Section 23 of the Indiana Constitution.

C.  Declaratory judgment over a justiciable controversy exists and must be resolved prior to trial to preserve the right of due process under Article 1, Section 12 of the Indiana Constitution at trial for Plaintiff.

*Id.* at 15.

The State appeared as an intervening defendant for the purpose of defending the constitutionality of the punitive damages statute. On January 17, 2008, Wood filed a motion for partial summary judgment on the declaratory judgment count and designated the original complaint as evidence in support of his motion. Thereafter, the State filed its motion for summary judgment, requesting the trial court to determine that the punitive damages statute is "constitutional on its face and as applied." Appellants App. p. 29. However, the State also maintained that the trial court should

---

1.  We heard oral argument on December 16, 2008, in Indianapolis. We commend counsel for their able presentations.

2.  Wood's counsel asserted at oral argument that subsequent discovery proceedings have revealed that Shively was driving the vehicle when the accident occurred.

not rule on the merits of Wood's motion for summary judgment because Wood lacked standing to challenge the constitutionality of the punitive damages statute inasmuch as no such damages had been awarded. In other words, the State asserted that Wood has shown no injury under the allocation provisions of the punitive damages statute because the circumstances are such that he might not recover those damages.

Following a hearing on the pending motions, the trial court addressed the merits of Wood's claim and determined that the punitive damages statute "does not violate the Constitution of the State of Indiana either on its face or applied." Appellant's App. p. 29. Thereafter, the court granted the States motion for "immediate entry of judgment." *Id.* at 30. Wood now appeals and the State cross-appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ When reviewing a trial court's grant of summary judgment, we apply the same standard as that of the trial court. Summary judgment is appropriate if the pleadings and evidence submitted demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Jacobs v. Hilliard,* 829 N.E.2d 629, 632 (Ind.Ct.App.2005). We construe the pleadings, affidavits, and designated evidence in the light most favorable to the non-moving party, and the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Wilson v. Royal Motor Sales, Inc.,* 812 N.E.2d 133, 135 (Ind.Ct. App.2004). Moreover, because a trial court's grant of summary judgment comes to us clothed with a presumption of validity, the appellant must persuade us that error occurred. *Ind. Bd. of Pub. Welfare*

*v. Tioga Pines,* 622 N.E.2d 935, 940 (Ind. 1993). We may affirm the trial court's grant of summary judgment upon any basis that the record supports. *Hoesman v. Sheffler,* 886 N.E.2d 622, 626 (Ind.Ct.App. 2008).

### II. The States Cross–Appeal: Standing

The State argues that the trial court should not have ruled on the merits of Wood's claim because there was no award of punitive damages. Thus, the State maintains that Wood lacks standing to challenge the constitutionality of the punitive damages statute and he is improperly requesting us to decide issues "that have not yet ripened and may never ripen." Appellee's Br. p. 8.

■ We initially observe that the question of whether a party has standing is purely one of law and does not require deference to the trial court's determination. *Common Council of Michigan City v. Bd. of Zoning Appeals of Michigan City,* 881 N.E.2d 1012, 1014 (Ind.Ct.App. 2008). The standing requirement is stated in terms of the requirement of a party to show injury. *Bd. of Commrs. of Howard County v. Kokomo City Plan Commn.,* 263 Ind. 282, 286, 330 N.E.2d 92, 96 (1975). Moreover, courts are open only to those who have been injured, and a party who seeks to overthrow a statute must affirmatively show that he has been prejudiced thereby. *Lamb v. State,* 263 Ind. 137, 145, 325 N.E.2d 180, 185 (1975). Courts do not pass on the constitutionality of a statute until a "constitutional determination is necessarily and directly involved in a justiciable controversy and is essential to the protection of the rights of the parties concerned." *Ind. Educ. Employment Relations Bd. v. Benton Cmty. Sch. Corp.,* 266 Ind. 491, 495, 365 N.E.2d 752, 754 (1977). Finally, in accordance with the doctrine of

judicial restraint, a constitutional question will not be anticipated in advance of the necessity of deciding the constitutional issue. *Id.*

■ In this case, it is apparent that Wood has suffered no injury with respect to the allocation of any punitive damage award. In other words, Wood has not obtained a determination on liability, let alone a determination that he is entitled to punitive damages. Thus, Wood cannot show an injury because the existence of a punitive damages award is purely speculative at this point in the proceedings.

Notwithstanding the above, Wood directs us to *Cahoon v. Cummings,* 734 N.E.2d 535, 542 (Ind.2000), where our Supreme Court discussed the election of remedies doctrine and determined that "a party who has two co-existing but inconsistent remedies and elects to pursue one remedy to a conclusion may not sue on the other remedy." In light of this pronouncement, Wood claims that the constitutional determination of the punitive damages statute is necessary because he "must make a blind guess as to whether I.C. § 34–51–3–6 is constitutional in making his election of remedies between punitive and treble damages." Appellant's Reply Br. at 9.

■ In our view, Wood's reliance on *Cahoon* is misplaced. As the *Cahoon* Court observed, the election of remedies doctrine ordinarily applies "only when a party has elected to pursue one remedy to its conclusion and then *attempts to pursue a subsequent claim on a second inconsistent theory.*" 734 N.E.2d at 542 (emphasis added). Moreover, it was recognized that

> Trial rule 8(E)(2) allows a party to plead alternative and even inconsistent theories of recovery: 'A pleading may ... state as many separate claims or defenses as the pleader has regardless of consistency and whether based on legal or

equitable grounds.' Under this Rule, a party is not required to adopt a theory of the case at the outset. *See Palacios v. Kline,* 566 N.E.2d 573, 576 (Ind.Ct. App.1991). Rather, it is sufficient to plead the operative facts of the case so the defendant is put on notice as to the evidence that will be presented at trial. *See id. Thus, although defendants must receive notice as to what evidence will be presented against them, there is no procedural bar to pursuing both a wrongful death and survival action.*

. . .

Trial Rule 8(E) is designed to avoid the problem that a plaintiff may recover nothing on a valid claim if forced to speculate as to which theory a jury will ultimately find credible. *What remains of the election of remedies doctrine after the adoption of Trial rule 8(E) is substantive law that acts as a bar to double recovery.*

*Id.* at 542–43 (emphases added). Finally, this court has determined that a "party should not be bound by an election unless he has pursued the chosen course to a determinative conclusion or has procured advantage therefrom, or has thereby subjected his adversary to injury." *Farmers State Bank of Wyatt v. Clark Equip. Co.,* 582 N.E.2d 452, 457 (Ind.Ct.App.1991).

■ In light of the above, it is apparent that Wood has not shown any real injury arising from the allocation provisions of the punitive damages statute merely because he may have to choose his best litigation strategy. Indeed, Wood has not even obtained a determination on liability and, until a jury announces a punitive damages award, neither the State nor the party seeking such an award has any actual right to any portion of such an award. In other words, a record containing the facts essential to establish actual

harm can be ascertained only if a trial is held, instructions are given, the jury finds for the plaintiff and awards him punitive damages, those punitive damages are paid to the Court Clerk, and 75% of the award is then paid into the State's Violent Crimes Victims' Compensation Fund. Because these events have not occurred, there is no justiciable controversy and Wood lacks standing to challenge the constitutionality of the punitive damages statute. Thus, we conclude that the trial court properly granted the State's motion for summary judgment.

The judgment of the trial court is affirmed.[3]

NAJAM, J., and KIRSCH, J., concur.

**3.** In light of our disposition above, we need not address the propriety of the trial court's ruling regarding the merits of Wood's chal-lenge to the constitutionality of the punitive damages statute.