Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**STEPHEN A. SEMOTUK**
Nationwide Mutual Insurance Company
Carmel, Indiana

**ROBERT B. SUTHERLAND**
Nationwide Mutual Insurance Company
Akron, Ohio

ATTORNEY FOR APPELLEE:

**CARA C. PUTMAN**
Bennett Boehning & Clary LLP
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORTH CENTRAL COOPERATIVE, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1304-CT-345 |
| | ) | |
| JOHN R. GARRISON, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Benjamin A. Diener, Judge
Cause No. 08C01-1110-CT-13

**April 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

North Central Cooperative, Inc., (the "Cooperative") appeals the trial court's order granting John R. Garrison's motion to amend his complaint. The Cooperative raises three issues, which we consolidate and restate as whether the court abused its discretion in granting Garrison's motion. We affirm.

PROCEDURAL HISTORY

On October 3, 2011, Garrison filed a complaint against the Cooperative in which he alleged in part that the Cooperative was in the business of packaging, selling, delivering and providing to agricultural customers, at retail, anhydrous ammonia, a toxic chemical fertilizer, and that the Cooperative, on or about October 27, 2010, delivered and provided the anhydrous ammonia to him for application and use in fertilizing an agricultural field. Under Count I of the complaint, Garrison alleged that the Cooperative "negligently, carelessly and or recklessly packaged, put into the stream of commerce, provided, and/or delivered said anhydrous ammonia to [him] in a defective and/or dangerous condition," that as a direct and proximate result he "was made to come into contact with, be exposed to, and be made to inhale into his lungs anhydrous ammonia," and that "[a]s a direct and proximate result of the said negligence, recklessness and/or carelessness of the [Cooperative], [he] received serious personal injuries, some or all of which are permanent, suffered and continues to suffer continuous physical pain and mental distress, permanent disability, medical expenses which will continue into the future, lost income and other damages." Appellant's Appendix at A5. Under Count II of the complaint, Garrison alleged that the "anhydrous ammonia tank and/or delivery system and/or component parts, were defective and in a dangerous condition with regard to

2

design, manufacture, packaging, and warning, or any of these elements, thus causing failure of one or more of the component parts, and making the tank and/or its component parts unsafe for their intended use," that the Cooperative was the manufacturer of the "packaged product" sold to him on or about October 27, 2010, that "[t]he packaged product was expected to, and did reach [him] without substantial alteration of the condition in which [the Cooperative] sold said packaged product," and that the Cooperative "due to and as a result of the defective and faulty condition of the packaged product which it sold to [him] and placed into the stream of commerce was the responsible and proximate cause of physical harm and damages to [him] . . . ." Id. at A6-A7.

On August 24, 2012, the trial court held a telephonic pretrial conference and ordered that dispositive motions be filed no later than December 3, 2012, the parties file their lists of witnesses and exhibits no later than January 11, 2013, the parties complete discovery on or before February 11, 2013, a final pretrial conference be held on January 28, 2013, and that a jury trial be set for March 4, 2013.

On December 3, 2012, the Cooperative filed a motion for summary judgment together with its designation of evidence and brief in support of the motion.[1] Garrison filed a motion for continuance on December 27, 2012, and a motion for enlargement of time to respond to the Cooperative's summary judgment motion on December 28, 2012.

---

[1] The copies of these documents included in the record are not file-stamped. Garrison agrees with the statement of the case set forth in the Cooperative's appellant's brief. We also note that the appellant's appendices do not include a copy of the trial court's chronological case summary ("CCS"), and we remind counsel that Ind. Appellate Rule 50(A)(2) provides that "[t]he appellant's Appendix shall contain a table of contents and copies of the following documents, if they exist: . . . the chronological case summary for the trial court . . . ."

The court granted Garrison's motion for enlargement of time and gave him until February 15, 2013, to file a responsive pleading. According to the court's January 4, 2013 CCS entry, a hearing was scheduled on the Cooperative's summary judgment motion for March 7, 2013; the court granted Garrison's motion for continuance of the trial date, re-scheduling same for August 12, 2013; and the court ordered that dispositive motions be filed no later than May 13, 2013, the parties file their lists of witnesses and exhibits by June 21, 2013, and that discovery be completed by July 22, 2013.

On January 28, 2013, Garrison filed a "Motion to Amend Pleadings Herein To Add Count III-General Negligence." Id. at E1. In the motion, he asserted that, during the course of discovery, he determined the need to amend the complaint to add the additional count. The count alleged that the Cooperative "had a duty to [Garrison] to use reasonable care in connection with the sale and transfer of the anhydrous ammonia to [him], including, but not limited to, the proper inspection of equipment provided by [the Cooperative] to ensure all is in good working order prior to [his] receipt and use of said equipment, and to provide warnings and instructions pertaining to the proper operation of the equipment." Id. at E6. He further alleged that the Cooperative "negligently failed to use reasonable care in connection with this sale and transfer of the anhydrous ammonia to [him], including but not limited to, performing proper inspections and/or safety checks to determine that the anhydrous was safely contained and that the equipment provided by the [Cooperative] to deliver said anhydrous ammonia was in a reasonably safe condition." Id. Additionally he alleged that the Cooperative "negligently failed to warn and instruct [him] regarding the proper use of their equipment and the danger associated

4

with purchasing anhydrous unsafely packaged, sold and delivered by [the Cooperative]." Id. at E7. Garrison argued that the Cooperative would not sustain any undue prejudice by granting the amendment as it was in possession of all facts and that there was no undue delay, dilatory motive or bad faith on the part of Garrison in his request for the amendment.

On February 4, 2013, the Cooperative filed an objection to Garrison's January 28, 2013 motion to amend pleadings in which it argued in part that "[t]he new claim [] Garrison wishes to advance by amendment to his complaint is futile and without merit," that Garrison "now proposes, as an alternative to his substantively and, as to strict liability, procedurally flawed product liability claims that the [Cooperative] failed to exercise reasonable care," that "[h]is deposition testimony and the unchallenged opinion of [the Cooperative's] expert reveals the total absence of evidence to support this 'general negligence' claim," and that "[t]o permit this new claim to proceed against the evidence that has been developed over the past one year and four months, all of which reveals that [] Garrison's claims are unsupported, would prove wasteful of the Court's time and resources, and, moreover, would subject the [Cooperative] to the time and expense of further litigation of claims that have no evidentiary basis." Id. at F5-F6. On February 15, 2013, Garrison filed a reply to the Cooperative's objection.

On February 15, 2013, the court entered an order granting Garrison's motion to amend the complaint for the purpose of adding Count III. In its order, the court found that "[n]o new facts gave rise to the necessity of Amending [Garrison's] complaint and [he] should have included the sought after Count III in its original complaint," that

"TR(8)(F) states that, 'All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural point,'" that "Indiana is a notice pleading rather than theory pleading state," that the Cooperative "will not be unduly prejudiced," that "[t]he trial of the issues will not be unduly delayed," and that the Cooperative "shall be entitled to a continuance, if requested, to adequately defend against the amended complaint." Id. at D2. The court further ordered that "[p]ursuant to TR(15)(C), the amendment relates back to the date of the original pleading," the Cooperative had twenty days from service of the amended complaint to file a responsive pleading, and the previously-scheduled hearing on the Cooperative's summary judgment motion remained set for March 7, 2013. Id. Garrison filed his amended complaint on February 21, 2013, and the Cooperative filed an answer on March 4, 2013.

On March 7, 2013, the court held a hearing on the Cooperative's motion for summary judgment. At the hearing, Garrison's counsel noted that Count III had been filed, the Cooperative's summary judgment motion related to Counts I and II of his complaint only, and that Garrison stipulated to the granting of the summary judgment motion. The trial court stated "and as far as the Motion for Summary Judgment it is defense counsel's understanding that Counts 1 and 2 will be resolved with summary judgment," and counsel for the Cooperative stated "That is my understanding. I'm most grateful." Transcript at 3-4. The trial court asked the Cooperative's counsel to prepare the order, and after discussion, the Cooperative's counsel stated "I will file an appropriate Order that would designate dismissal or judgment on Counts 1 and 2 only, 3 to remain." Id. at 4. The court then stated that "any future endeavors in this case we will handle by

6

appropriate motion and hearings if necessary." Id. That same day, the court entered an order granting the Cooperative's motion for summary judgment on Counts I and II of Garrison's complaint and stating that Garrison's "Count III shall remain pending." Appellant's Appendix at G1.

On March 15, 2013, the Cooperative filed a motion to reconsider the court's order granting Garrison's motion to amend pleadings to add Count III or, in the alternative, for certification of the court's interlocutory order dated February 15, 2013, for appeal. The trial court certified the February 15, 2013 interlocutory order for appeal, and this court accepted jurisdiction.

## DISCUSSION

The issue is whether the trial court abused its discretion in granting Garrison's motion to amend his complaint. The Cooperative asserts that the court permitted Garrison to amend his complaint after undue delay and subjected it to undue prejudice. It argues that Garrison waited approximately two years and four months after the accident, four months after the expiration of the statute of limitations, and two months after it filed a summary judgment motion to request the amendment. The Cooperative contends that it will have to conduct new discovery, re-depose witnesses, and present new defenses to claims that should have been brought in 2011. It also claims that the amendment is only properly adjudicated under the Indiana Products Liability Act (the "IPLA"), that it should have been included in the original filing, and that had the amended provisions been included in the original filing they would have been subject to the court's ruling on its motion for summary judgment.

7

Garrison maintains that the court did not abuse its discretion in granting his motion to amend his complaint. He argues in part that Indiana is a notice pleading state and does not require litigation of the issues in the complaint, that during discovery the claim of general negligence was explored, and that there is a question of whether the Cooperative's employees were negligent in their maintenance of the tank. He contends that whether the Cooperative believes Count III could survive summary judgment is irrelevant and that it can make the argument on remand but that it has no bearing on whether the court abused its broad discretion in permitting the complaint to be amended. Garrison further maintains that the Cooperative was not unduly prejudiced by the amendment because the court agreed to grant additional time for discovery and because the Cooperative was already on notice that his claim was based upon negligence as the parties addressed general negligence throughout the course of discovery. He notes that his motion to amend pleadings was filed fifteen months after the original complaint, a much shorter time period than the three or four years found to be undue delay in other cases, and that the report of the Cooperative's expert alerted him to an additional cause of action. Garrison also argues that general negligence can exist separate and distinct from products liability, that the products liability statute prevents a separate negligence action only in limited circumstances which do not exist here, and that Count III does not relate to defects in the product but rather to whether the Cooperative used reasonable care in preparing, inspecting and transferring the anhydrous ammonia in its tank. He further asserts that failure to properly fill, secure, inspect, check and deliver the product have nothing to do with a flawed design or product, and that the relation back doctrine is

applicable because Count III arose from the same conduct, transaction, or occurrence as the original two counts. In its reply brief, the Cooperative argues that the original complaint failed to put it on notice as to a general negligence claim and that the amended complaint failed to comply with the statute of limitations and does not relate back to the original date of filing.

Indiana Trial Rule 15(A) provides that "[a] party may amend his pleading once as a matter of course" and thereafter "a party may amend his pleading only by leave of court or by written consent of the adverse party" and "leave shall be given when justice so requires." Amendments should be liberally allowed under Trial Rule 15(A), while giving proper regard for any prejudice to the nonmoving party. United of Omaha v. Hieber, 653 N.E.2d 83, 87 (Ind. Ct. App. 1995) (citing Templin v. Fobes 617 N.E.2d 541, 543 (Ind. 1993)), reh'g denied, trans. denied. Although amendments to pleadings are to be liberally allowed, the trial court retains broad discretion in granting or denying amendments to pleadings. Hilliard v. Jacobs, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010), trans. denied. We will reverse only upon a showing of an abuse of that discretion. Id. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. Id. We consider whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment." Id. (quoting Palacios v. Kline,

566 N.E.2d 573, 575 (Ind. Ct. App. 1991)). In reviewing a discretionary motion, we generally affirm if there is any rational basis for the trial court action. Palacios, 566 N.E.2d at 575. Trial court discretion is permitted because of the court's strategic advantage in balancing considerations for trial. Id.

The Cooperative does not point to the record to show the factors of bad faith, dilatory motive, or repeated failure to cure deficiency by amendment previously allowed. With respect to undue delay, the record shows that Garrison initiated the lawsuit against the Cooperative on October 3, 2011, and that he filed his motion to amend the complaint to add Count III approximately fifteen months later on January 28, 2013. According to the court's January 4, 2013 CCS entry, at the time of Garrison's motion to amend, the cause was set for trial on August 12, 2013, dispositive motions were to be filed by May 13, 2013, the parties were to file their lists of witnesses and exhibits by June 21, 2013, and discovery was to be completed by July 22, 2013. Garrison moved to amend his complaint well before these scheduled deadlines. We agree with the trial court that the trial of the issues will not be unduly delayed.

With respect to prejudice, as noted above the court granted Garrison's motion well before the scheduled deadlines for the parties to complete discovery or to submit lists of witnesses and exhibits. The parties' appendices include portions of depositions taken in connection with the lawsuit, and the dates of the depositions show that a number of them were conducted after the filing of the amended complaint. In addition, the trial court specifically noted in its February 15, 2013 order that the Cooperative would be entitled to a continuance if requested to adequately defend against the amended complaint. The

10

Cooperative was on notice of the lawsuit against it and the nature of the action, had obtained a report dated October 25, 2012, of a mechanical engineer investigating the incident resulting in Garrison's injuries, and had taken Garrison's deposition on November 27, 2010. We agree with the trial court that permitting the filing of Garrison's amended complaint does not unduly prejudice the Cooperative.

Moreover, we note the distinctive timing of the Cooperative's motion for reconsideration which would have had, if successful, the practical effect of a dismissal of Garrison's claim under Count III. Garrison requested the trial court's approval to add Count III on January 28, 2013, which the court granted on February 15, 2013, all of which was prior to the March 7, 2013 hearing on the Cooperative's summary judgment motion related to Counts I and II and well before the scheduled deadline to complete discovery in July 2013. At the summary judgment hearing, Garrison's counsel and counsel for the Cooperative indicated that the parties had agreed and Garrison had stipulated to the granting of summary judgment with respect to Counts I and II but that the lawsuit would proceed with respect to the claim under Count III. The trial court's subsequent order, which according to the hearing transcript was prepared by the Cooperative's counsel, stated that Count III would remain pending. It was only after it had secured a favorable summary judgment order on Counts I and II, by the consent and stipulation of Garrison whose understanding was that Count III would remain pending, that the Cooperative challenged the trial court's previous decision to permit Garrison to amend his complaint to add Count III. If successful, the Cooperative would have as a practical matter disposed of Garrison's claim under Count III without the necessity of

11

pursuing a motion to dismiss or for summary judgment or proceeding to trial. This order of events also favors the conclusion that the trial court's order granting Garrison leave to file his amended complaint should not be disturbed.

To the extent the Cooperative argues that the IPLA governs Garrison's allegations under Count III and thus that those allegations would have been subject to the trial court's summary judgment ruling and the amendment would have been futile, we note that the trial court did not make a determination regarding whether the IPLA or any other law governs Garrison's claims and that this court need not make such a determination at this stage in the proceedings in order to affirm the trial court's order granting Garrison leave to file his amended complaint. The trial court's March 7, 2013 order did not grant summary judgment in favor of the Cooperative on all of those claims alleged by Garrison which were or may have been governed by the IPLA. Rather, as specifically stipulated by the parties, the court's order granted summary judgment on Counts I and II only and expressly provided that the allegations set forth under Count III of Garrison's amended complaint, without reference to the law which may govern those allegations, remained pending.

We also note that Count I alleged in part that the Cooperative negligently packaged, put into the stream of commerce, provided, and/or delivered anhydrous ammonia to Garrison in a defective and/or dangerous condition, and Count III alleged in part that the Cooperative had a duty with respect to the proper inspection of equipment to ensure all was in good working order, that it negligently failed to use reasonable care in connection with the sale and transfer of the anhydrous ammonia including but not limited

12

to performing proper inspections and/or safety checks, and that it negligently failed to warn and instruct regarding the proper use of the equipment. The Cooperative does not point to authority, and we are not aware of any, for the proposition that, where a plaintiff brings multiple negligence claims or multiple claims under the IPLA, a grant of summary judgment as to one of the claims necessarily means that summary judgment must be granted as to all of the other claims. The trial court was not required to grant summary judgment on Count III simply because it granted summary judgment on Count I.

As the Cooperative notes, Ind. Code § 34-20-1-1 provides that "[t]his article governs all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." Thus, the IPLA may govern both the strict liability and negligence claims brought by a plaintiff. See Interstate Cold Storage, Inc. v. General Motors Corp., 720 N.E.2d 727, 730 (Ind. Ct. App. 1999), trans. denied. However, this does not mean that Garrison may not raise his allegations in Count III. To the extent the IPLA governs Garrison's action, the Cooperative argues that "the cure for an incorrect filing is not to dismiss the claim, but to merge it with the existing claim to be analyzed under the [IPLA]." Appellant's Brief at 11. We express no opinion as to whether the IPLA governs the allegations under Count III or the impact of that determination as the case proceeds. The Cooperative did not seek and the trial court did not grant summary judgment with respect to the allegations under Count III. We decline to find that these allegations were in effect disposed of by summary judgment where the parties specifically stipulated and the trial court expressly ordered that was not the case.

13

Additionally, with respect to the Cooperative's argument that the amended complaint failed to comply with the statute of limitations, Ind. Trial Rule 15(C) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Here, the claim under Count III in Garrison's amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in his original complaint, and as found by the trial court the amendment relates back to the date of the original pleading. See Ind. Farmers Mut. Ins. Co. v. Richie, 707 N.E.2d 992, 996 (Ind. 1999) (observing that, because the plaintiff's amended complaint was filed after the statute of limitations had expired on his tort action, the amended complaint must relate back to the date of the original filing if it was to survive, holding that the amended complaint did relate back to the original filing as contemplated by Trial Rule 15 because it arose out of the conduct, transaction, or occurrence of the original complaint, and noting that the notice and knowledge test found in Trial Rule 15(C) applies only where the party offers an amendment changing the party against whom a claim is asserted and that the plaintiff's amendment did not seek to add, subtract or otherwise change the party against whom the claim was asserted).

Based upon the record, we cannot say the trial court abused its discretion in granting Garrison's motion to amend his complaint to add Count III. Accordingly, we do not disturb the trial court's February 15, 2013 ruling.

14

CONCLUSION

For the foregoing reasons, we affirm the trial court's order granting Garrison's motion to amend his complaint.

Affirmed.

ROBB, J., and BARNES, J., concur.