## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Heather A. McCarthy
Anthony DeBonis, Jr. & Associates
Attorneys At Law, LLC
Hobart, Indiana

ATTORNEY FOR APPELLEES

Susan K. Swing
Johnson & Bell, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kathleen Alexander,

*Appellant-Plaintiff,*

v.

Damasius, Inc. d/b/a Vyto's Pharmacy, Traci Vrehas, and Suzanne Cantu,

*Appellees-Defendants.*

December 31, 2019

Court of Appeals Case No. 19A-CT-1556

Appeal from the Lake Superior Court

The Honorable Bruce D. Parent, Judge

Trial Court Cause No. 45D11-1710-CT-190

**Brown, Judge.**

Kathleen Alexander appeals the trial court's denial of her motion to amend her complaint. We affirm.

### Facts and Procedural History

On October 24, 2017, Alexander filed a complaint against Damasius Inc. d/b/a Vyto's Pharmacy ("Damasius"), Traci Vrehas, and Suzanne Cantu (Damasius, Vrehas, and Cantu, collectively, the "Defendants"). Under Count I, negligence, she alleged her physician, Dr. Okechi Nwabara "prescribed telephonically a drug known as 'Pravastatin,'" she "took the above-mentioned prescription to" Damasius to be filled, and Vrehas, a pharmacist, negligently prepared her prescription on July 12, 2016, giving her Paroxetine, a serotonin reuptake inhibitor, instead of Pravastatin, a medicine to treat high cholesterol. Appellant's Appendix Volume II at 12. She alleged she continued to take the medicine until about July 20, 2016, when she discovered the improper filling of the prescription after being disoriented for several days. She asserted that she suffered confusion, despair, severe anxiety, listlessness, and dizziness resulting in a fall at her home that injured her lumber back area, right shoulder, and left knee as a result of ingesting Paroxetine. She also asserted that the illness she was supposed to be treating with medicine prescribed by Dr. Nwabara continued to worsen as a result of the delay in obtaining the correct medicine, she incurred medical and hospital expenses associated with treatment and would probably incur more in the future, and suffered "an inability to work, as well as other consequential damages." *Id.* at 14.

[2]     Under Count II, "spoliation of evidence," she alleged she contacted Damasius to inform it of the error in filling the prescription and that Cantu, a pharmacist, altered the prescription record to show that the proper prescription of Pravastatin was dispensed to her on July 12, 2016. *Id.* at 15 (capitalization omitted). She also alleged Cantu directed her to immediately bring the bottle dispensed on July 12, 2016, to the pharmacy or that Damasius would arrange to pick up the bottle from her home.

[3]     On January 30, 2018, the Defendants filed an answer admitting that Vrehas was a pharmacist employed by Damasius. On October 4, 2018, the court entered a case management order setting forth various deadlines including:

> 1. Any Motions to join additional parties and/or amend the pleadings must be filed by Jan 30, 2019.
>
> 2. Each attorney is Ordered to serve all opposing counsel herein with a list of contentions of fact and law, the names and address of witnesses, and photocopies of all exhibits reasonably expected to be used at trial within thirty (30) days. Counsel are Ordered to supplement the lists and copies as other witnesses or exhibits become known. Witnesses and exhibits not disclosed at least thirty (30) days before the discovery deadline may not be used at trial without leave of Court which will be granted only upon a showing of good cause for the failure to disclose.
>
> * * * * *
>
> 4. Counsel are Ordered to complete all discovery by Dec 30, 2019.

*Id.* at 41.

[4]     On February 6, 2019, Alexander filed a request for production and a verified motion to compel the Defendants to produce all of the pharmacy's written policies regarding dispensing medications, advising patients, maintaining a patient profile, and OBRA compliance.

[5]     On February 13, 2019, the parties filed a stipulation which stated that Alexander "by counsel, and pursuant to Ind. Trial Rule 41, stipulates to the dismissal of Count II of the Plaintiff's Complaint with prejudice."[1] *Id.* at 82. On February 14, 2019, the court ordered the dismissal of Count II, and Alexander filed a motion to withdraw her motion to compel and asserted that "[t]he parties have come to an agreement regarding the pending discovery issue." *Id.* at 88.

[6]     On February 26, 2019, the court entered an Order of Administration which indicated that the matter had a jury trial scheduled after December 31, 2019, and stated in part:

> To reorganize the docket in the Court, it is hereby Ordered:
>
> The Jury trial and the final pre-trial conference in the matter are **VACATED**.
>
> All previous orders of this Court related to deadlines for filing of a pre-[trial] order, the exchange of contentions, the filing of

---

[1] The document containing the stipulation was titled: "Stipulation for Partial Dismissal of Count II of Plaintiff's Complaint." Appellant's Appendix Volume II at 82 (capitalization omitted).

motions in limine, and the filing of proposed jury instructions are similarly **VACATED**.

All Discovery-related deadlines shall remain intact.

Unless there is presently a status conference in the matter, the attorney for the Plaintiff is instructed to coordinate a teleconference for the purpose of resetting the trial date, if appropriate, and/or making alterations to the present deadlines. In the latter instance, Plaintiff will file a proposed order setting a teleconference; Plaintiff will initiate the teleconference, unless otherwise agreed.

*Id.* at 92.

[7] On March 22, 2019, Alexander filed a Motion for Leave to File First Amended Complaint for Damages, which alleged that discovery was open until December 30, 2019, that the action was not on the court's trial calendar, and that allowing Alexander to file an amended complaint would not cause any undue delay or unduly prejudice any party. The amended complaint attached to the motion added Count II, gross negligence, Count III, respondeat superior, and Count IV, negligent training, supervision, and retention. On April 5, 2019, the Defendants filed a response in opposition to Alexander's motion.

[8] On April 9, 2019, the court denied Alexander's motion and stated it had previously set a deadline to amend the pleadings, which had lapsed, Alexander failed to show good cause why an amendment was necessary, the Defendants would be prejudiced by having to start over seventeen months into the discovery process, and Alexander failed to meet her burden.

[9] On April 11, 2019, Alexander filed a motion to reconsider in which she asserted she deposed Cantu and Vrehas on December 13, 2018, and that the policy handbook was referenced during the depositions in regard to internal standards. She also asserted the court denied her motion five days after the Defendants filed a response, and Lake County Local Rule 45-TR7-4 provided her a ten-day period to file a reply. On April 26, 2019, the Defendants filed a response. On May 2, 2019, Alexander filed a reply in support of her motion to reconsider. On May 14, 2019, the court entered an order denying the motion to reconsider and stating Alexander had no right to a reply pursuant to "Local Rule 4, as such a right is reserved for motions filed pursuant to Trial Rules 12 and 56." *Id.* at 153.

[10] On May 16, 2019, Alexander filed a motion for certification of the April 9, 2019 order. On June 7, 2019, the court entered an order which stated that the court re-read each motion and its own prior orders, determined Alexander's motion correctly pointed out that the court misapplied the Trial Rules and/or Local Rules, found "[t]he mistake of this judicial officer aside, nowhere does Alexander address the issue that Judge Schneider set a deadline by which all parties could amend their pleadings, and that deadline had passed at the time of her filing," concluded Alexander failed to carry her burden of demonstrating good cause for the proposed amendment, and certified the April 9, 2019 order for interlocutory appeal. *Id.* at 163.

*Discussion*

[11] Alexander argues that the trial court abused its discretion by misapplying Local Rule 45-TR7-4 and denying her motion to amend her complaint. The Defendants argue that Alexander failed to file her amendment within the deadline, they did not hinder the prosecution of the case, allowing Alexander to assert new theories of liability would prejudice them, and allowing such gamesmanship would permit Alexander to have additional bites at the apple.

[12] Indiana Trial Rule 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served" and thereafter "a party may amend his pleading only by leave of court or by written consent of the adverse party" and "leave shall be given when justice so requires." Amendments should be liberally allowed under Trial Rule 15(A), while giving proper regard for any prejudice to the nonmoving party. *United of Omaha v. Hieber*, 653 N.E.2d 83, 87 (Ind. Ct. App. 1995) (citing *Templin v. Fobes*, 617 N.E.2d 541, 543 (Ind. 1993)), *reh'g denied*, *trans. denied*. Although amendments to pleadings are to be liberally allowed, the trial court retains broad discretion in granting or denying amendments. *Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010), *trans. denied*. We will reverse upon a showing of only an abuse of that discretion. *Id.*

[13] An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the

court has misinterpreted the law. *Id.* We consider whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment." *Id.* (quoting *Palacios v. Kline*, 566 N.E.2d 573, 575 (Ind. Ct. App. 1991)). In reviewing a discretionary motion, we generally affirm if there is any rational basis for the trial court action. *Palacios*, 566 N.E.2d at 575. Trial court discretion is permitted because of the court's strategic advantage in balancing considerations for trial. *Id.*

[14] To the extent Alexander asserts that the trial court misapplied Local Rule 45-TR7-4, which provides for a party to file a reply,[2] we observe that the court noted in its June 7, 2019 order that it had misapplied the Local Rule, that it read "everything for a third time," and concluded that Alexander failed to carry her burden of demonstrating good cause for the proposed amendment.

---

[2] Lake County Local Rule 45-TR7-4 provides:

> All motions filed pursuant to Trial Rules 12 and 56 shall be accompanied by a separate supporting brief. An adverse party shall have thirty (30) days after service of the initial brief in which to serve and file an answer brief, and the moving party shall have ten (10) days after service of the answer brief in which to serve and file a reply brief. With regard to all other motions or matters submitted to the court, and so long as consistent with the Indiana Rules of Procedure, an adverse party wishing to respond shall do so within fifteen (15) days of service. The moving party shall have ten (10) days after service of the response within which to reply. Each motion shall be separate, while alternative motions filed together shall each be identified on the caption. Failure to file an answer brief or reply brief within the time prescribed shall be deemed a waiver of the right thereto and shall subject the motion to summary ruling.

Appellant's Appendix Volume II at 164. Under these circumstances, we cannot say that the trial court failed to consider Alexander's arguments.

[15] With respect to Alexander's assertion that the court's February 26, 2019 order "vacated all previous trial orders and only maintained the prior Judge's discovery-related deadlines," Appellant's Brief at 24, we note that the court's February 26, 2019 order did not vacate the prior order setting forth a deadline of January 30, 2019, for amending the pleadings, and Alexander did not object to the order.

[16] The record reveals that the court entered a case management order on October 4, 2018, which set forth a deadline of January 30, 2019, for amending the pleadings. Alexander filed a motion for leave to file an amended complaint on March 22, 2019, which was seven weeks after the deadline and more than one year and four months after her initial complaint was filed. Defendants' assertion of prejudice due to Alexander's allegations of new theories of liability was apparently well-taken by the trial court, and we find no abuse of discretion. We cannot say that Alexander has demonstrated that reversal is warranted.

[17] For the foregoing reasons, we affirm the trial court's order.

[18] Affirmed.

Baker, J., and Riley, J., concur.